WORLD MANUFACTURING CO. *v.* KENT CIRCUIT JUDGE.

1. EQUITY PRACTICE—ANSWER ON OATH—WAIVER.

Under new chancery rule No. 10, providing that "whenever in a cause a sworn bill of complaint is filed, and a sworn answer demanded, the defendant shall be required to file such sworn answer," an answer under oath must be deemed to be waived in all cases except where a sworn bill is filed and a sworn answer demanded.

2. SAME—COURT RULES—CONFLICT WITH STATUTE.

Such rule is not in conflict with 2 How. Stat. § 6621, which provides that "when a bill shall be filed in chancery, other than for discovery only, the complainant may waive the answer being made on the oath of the defendant, and in such cases the answer may be made without oath, and shall have no other or greater force as evidence than the bill," since the statute does not in terms prescribe the manner in which waiver of answer on oath may be made.

*Mandamus* by the World Manufacturing Company and others to compel Allen C. Adsit, circuit judge of Kent county, to strike from the files an unsworn answer to a bill in chancery. Submitted January 4, 1898. Writ denied February 16, 1898.

*Uhl, Hyde & Earle* and *M. H. Walker*, for relators.

*Fitz Gerald & Barry* (*Francis A. Stace*, of counsel), for respondent.

MONTGOMERY, J. This application for *mandamus* calls for a construction of the new chancery rule No. 10, subdivision *a* of which reads as follows: "Whenever in a cause a sworn bill of complaint is filed, and a sworn answer demanded, the defendant shall be required to file such sworn answer. * * *" It is contended by the relators that this rule conflicts with section 6621, 2 How. Stat., which reads as follows:

"When a bill shall be filed in chancery, other than for discovery only, the complainant may waive the answer being made on the oath of the defendant, and in such cases the answer may be made without oath, and shall have no other or greater force as evidence than the bill."

We think the rule can be reconciled with the statute. The statute does not in terms prescribe the manner in which waiver of answer on oath may be made. Under the former practice it was common to demand an answer on oath, although not strictly necessary. Following the enactment of the statute, and under former chancery rule No. 18, the practice was, in case answer on oath was not desired, to specially waive answer in the bill. Under the present rule an answer under oath must be deemed to be waived in all cases except where a sworn bill is filed and a sworn answer demanded. We think the rule, so construed, does not conflict with the statute. It simply prescribes the manner of waiving a sworn answer.

The writ will be denied.

The other Justices concurred.